UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROTHWELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAWN HATTON,<br><br>    Defendant. | Case No. 3:17-cv-05466-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 7 |

Represented petitioner Michael Rothwell's petition for habeas corpus relief asserts five claims for relief based on a 2016 parole board finding that he violated the rules for using controlled substances prior to allowing an investigation into whether his positive test result was due to over-the-counter medications. Petition (Dkt. No. 1 at 6–7). Respondent Shawn Hatton, on behalf of the State of California, moves to dismiss the petition for lack of federal habeas jurisdiction. Mot. to Dismiss (Dkt. No. 7).

In the Ninth Circuit, "if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983… ." *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016)(citations omitted). In other words, "[i]f the prisoner's claim challenges the fact or duration of the conviction or sentence, compliance with AEDPA is mandated, while if the claim challenges any other aspect of prison life, the prisoner must comply with the PLRA [Prison Litigation Reform Act]." *Id.*; *see also id.* at 932 ("Congress's enactment of the Prison Litigation Reform Act (PLRA) [citation] indicated an intent to make § 1983 the exclusive remedy for 'all inmate suits about prison life[.]'"); *id*. at 933 ("[A] § 1983 action subject to the PLRA exhaustion requirements, which mandate that a prisoner first exhaust the prison's administrative processes to the extent they are available, is the best means of

addressing such claims.").

As in *Nettles*, Rothwell challenges disciplinary proceedings underlying a rules violation report. *Cf. Nettles*, 830 F.3d at 934. The Ninth Circuit rejected Nettles's argument that his claims would affect the duration of his sentence because if he succeeded in expunging the rules violation report, the parole board would more likely set his next parole hearing at an earlier date, and would be more likely to give him a favorable ruling. *Id.* The circumstances here differ from those in *Nettles* because the parole board found Rothwell suitable for parole and the governor reversed, based in part on the recent rules violation. *See* Governor's Decision ("This very recent use of a serious drug alone demonstrates that Mr. Rothwell is not suitable for parole.")(Petition, Ex. L, Dkt. No. 1 at 101).

Notwithstanding this notable distinction, the same conclusion must follow: "[s]uccess on the merits of [Rothwell's] claim would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Nettles*, 830 F.3d at 934–35. The Governor's Letter shows that the 2016 rule violation was one of many factors the Governor considered in finding Rothwell unsuitable for parole. *See* Governor's Decision (Dkt. No. 1 at 99–101)(recounting Rothwell's "alarming history of violence" before addressing Rothwell's ability "to remain sober if released."). *But see id.* (Dkt. No. 1 at 101)("This very recent use of a serious drug *alone* demonstrates that Mr. Rothwell is not suitable for parole.")(emphasis added). Although Rothwell argues that "it is certainly far more probable" that he would have been found suitable for parole if he prevailed since the parole board had already granted him parole, he concedes that "expungement of the disciplinary rules violations would not automatically result in [his] release from prison… ." Opp'n at 2 (Dkt. No. 10).

I agree with Rothwell's characterization of the situation, but that does not alter the conclusion that his request for relief turns on certain "circumstances of confinement" and not "the validity of any confinement" or "particulars affecting its duration[.]" *Nettles*, 830 F.3d at 927 (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Under these circumstances, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* In this vein, Rothwell consents to the court construing his petition to plead a

cause of action under § 1983. Opp'n at 10.

In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the *Wilwording* case was decided, there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if IFP status is granted) and under the PLRA the prisoner is required to pay it, even if granted IFP status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In addition, Rothwell is reminded that he must exhaust his administrative remedies prior to filing a civil rights action. Prisoners must properly exhaust their administrative remedies before filing suit in federal court, as mandated by the PLRA. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-1858 (2016). Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.

In view of these potential pitfalls for Rothwell if the Court were to construe the petition as a civil rights complaint, this federal action is DISMISSED without prejudice to his filing a civil

rights action if he wishes to do so in light of the above.

**IT IS SO ORDERED.**

Dated: April 24, 2018

William H. Orrick
United States District Judge